UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRIAN M. ALLEN                                    CIVIL ACTION

VERSUS                                            NO: 13-233

VALERY HOWARD, ET AL                              SECTION: "J" (5)

### ORDER & REASONS

Before the Court is Defendant Judge Ann Keller ("Judge Keller")'s **Motion to Dismiss (Rec. Doc. 16)** and Plaintiff Brian M. Allen ("Allen")'s opposition thereto. (Rec. Doc. 25) Defendant's motion was set for hearing on March 26, 2014, on the briefs. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that Defendant's motion should be **GRANTED** for the reasons set forth more fully below.

### FACTS AND PROCEDURAL BACKGROUND

This matter arises out of Plaintiff's *qui tam* action under the False Claims Act, 31 U.S.C. §§ 3729-3722 and his 42 U.S.C. § 1983 claim against Judge Keller in her individual and official capacity based on violations of Plaintiff's Sixth, Seventh,

Thirteenth, and Fourteenth Amendment rights.[1] Plaintiff alleges that Valery Howard ("Howard") made a false statement of paternity, and thereafter, Defendants conspired to take his property without due process or equal protection of the law by signing a judgment ordering him to pay child support for a child that is not biologically his based on the false paternity claim. Plaintiff further alleges that Judge Keller violated his Sixth Amendment right to counsel when she incarcerated him pursuant to Louisiana Revised Statute § 14:72 and/or § 14:74 without giving him right to counsel.  Finally, Plaintiff alleges that his right to privacy was violated when he was forced to submit to DNA testing and when he was incarcerated.

As a result of these allegations, Plaintiff filed a *pro se* complaint against Howard, Judge Keller, the State of Louisiana through the Department of Children and Family Support, Child Support Enforcement, and the Jefferson Parish District Attorney. (Rec. Doc. 1) Because Plaintiff asserted a *qui tam* action, the United States had the option to intervene in the action; however, on October 21, 2013, the United States notified the Court and the Plaintiff that it declined to intervene. (Rec. Doc. 6) Thereafter, Plaintiff engaged the services of an attorney, and

---

[1] Plaintiff brings various other claims that will not be discussed in connection with the instant motion.

his current attorney enrolled as counsel of record on February 26, 2014. Judge Keller filed the instant motion to dismiss March 11, 2014, and Plaintiff filed an opposition on March 26, 2014.

## **PARTIES' ARGUMENTS**

Judge Keller seeks dismissal of Plaintiff's § 1983 claim against her in both her official and individual capacity. Judge Keller avers that Plaintiff's official capacity claim is merely a claim against the State, and that this Court lacks subject matter jurisdiction to hear the claim because sovereign immunity deprives the Court of its ability to here claims against States. Further, Judge Keller argues that the individual capacity claim must be dismissed for failure to state a claim because judges are afforded absolute judicial immunity when performing normal judicial functions. Finally, Judge Keller contends that, under Heck v. Humphrey, 512 U.S. 477(1994), Plaintiff is barred from asserting a § 1983 claim seeking damages based on a conviction that has not been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding of federal habeas corpus proceeding.

In his opposition to the instant motion, Plaintiff recognizes that he brought both a § 1983 claim based on various constitutional violations against Judge Keller and a *qui tam* action under the False Claims Act, and that Judge Keller only

seeks dismissal of the § 1983 claim. Plaintiff asserts the following arguments in defense of Judge Keller's motion to dismiss:

1. This Court has jurisdiction to hear both the *qui tam* and § 1983 action concurrently, which is not an issue presented in Defendant's motion to dismiss.

2. The Court has jurisdiction over the § 1983 claims because the United States is a real party to the suit, which is an implicit waiver of immunity.

3. Because Plaintiff alleges a violation of the Fourteenth Amendment, the Court may abrogate the State's sovereign immunity defense pursuant to § 5 of the Fourteenth Amendment.

4. Judge Keller cannot invoke judicial immunity in this matter because the United States is a real party plaintiff to the suit.

Each argument will be addressed more fully below.

## LEGAL STANDARD

**A. Dismissal for Lack of Subject Matter Jurisdiction**

In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005). The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss. Randall D. Wolcott, M.D., P.A. v. Sebelius, 635 F.3d 757, 762 (5th Cir. 2011). The standard of review for a motion to dismiss under Rule

12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6), which is discussed below.  United States v. City of New Orleans, No. 02-3618, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003).

**B. Dismissal for Failure to State a Claim**

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005).  The allegations "must be simple, concise, and direct."  FED. R. CIV. P. 8(d)(1).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33

(5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678.

## DISCUSSION

### A. Subject Matter Jurisdiction over Official Capacity Claim/ Sovereign Immunity

The Eleventh Amendment has been interpreted by the Supreme Court to bar suits by individuals against nonconsenting states." Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001). "Congress may, however, abrogate such immunity in federal court if it makes its intention to abrogate unmistakably clear in the language of the statute and acts pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment." Nevada Dep't of Human Res. v. Hibbs, 538 U.S. 721, 726 (2003). In § 1983 official capacity suits, "the action is in essence one for the recovery of money from the state" itself rather than the nominal defendant. Edelman v. Jordan, 415 U.S. 651, 663 (1974)(holding that the "state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants"). Therefore, "the principle of state-sovereign immunity generally precludes actions against state officers in their official capacities." McCarthy ex rel. Travis v. Hawkins,

381 F.3d 407, 412 (5th Cir. 2004).

Here, state courts are an "arm of the state"[2] entitled to sovereign immunity. Nat'l Ass'n for Advancement of Colored People v. State of Cal., 511 F. Supp. 1244, 1257 (E.D. Cal. 1981) aff'd sub nom. NAACP v. State of Cal., 711 F.2d 121 (9th Cir. 1983)(collecting cases and noting that courts considering this question have "consistently held that state courts are "arms" of the state and that they are entitled, as such, to share in the protection against suit afforded by sovereign immunity.") Further, by asserting his §1983 claim against Judge Keller in her official capacity Plaintiff essentially seeks recovery of money from the judiciary, thus the State, and claims for money damages by a private citizen against the State are barred under the doctrine of sovereign immunity. Kaminsky v. Rosenblum, 929 F.2d 922, 925 (2d Cir. 1991) ("absent consent by the state, a § 1983 action brought against a public officer in his official capacity is barred by the Eleventh Amendment.") Therefore, unless an exception applies, this Court lack subject matter jurisdiction to hear this claim due to the State's sovereign immunity.

Defendant argues that the State's sovereign immunity is

---

[2] "[A] federal court must examine the particular entity in question and its powers and characteristics as created by state law to determine whether the suit is in reality a suit against the state itself." Delahoussaye v. City of New Iberia, 937 F.2d 144, 147 (5th Cir. 1991).

abrogated pursuant to § 5 of the Fourteenth Amendment because he seeks to enforce the substantive guarantees of equal protection and due process. While it is true that Plaintiff does assert some claims which could arguably be construed as seeking to enforce one of his Fourteenth Amendment rights, the claims at issue today are Plaintiff's § 1983 claims, and the United States Supreme Court has expressly held "[t]hat Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity." Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989)("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."); Lapides v. Bd. of Regents of Univ. Sys. of Georgia, 535 U.S. 613, 617 (2002) ("State is not a "person" against whom a § 1983 claim for money damages might be asserted.") Therefore, sovereign immunity has not been abrogated.

Defendant also argues that sovereign immunity has been waived because the United States is the real party in interest. To waive immunity, the *State* must voluntarily join the suit; thus this argument necessarily fails. Lapides, 535 U.S. at 619 ("a *State's* voluntary appearance in federal court amounted to a waiver of its Eleventh Amendment immunity.") (emphasis added).

Further, in support of this argument, Plaintiff cites to cases involving *qui tam* actions under the False Claims Act, which have no application to the instant motion to dismiss Plaintiff's § 1983 claims.[3]

Finally, Plaintiff invokes Ex Parte Young, 209 U.S. 123 (1908); however, that doctrine only applies when a plaintiff seeks to "enjoin state officials to conform their future conduct to the requirements of federal law." McCarthy ex rel. Travis v. Hawkins, 381 F.3d 407, 412 (5th Cir. 2004) Such is not the case here, as Plaintiff specifically seeks money damages.

Accordingly, the Court finds that Plaintiff's § 1983 claim against Judge Keller in her official capacity must be dismissed without prejudice for lack of subject matter jurisdiction. See, Ecker v. United States, 358 F. App'x 551, 552-53 (5th Cir. 2009) (sovereign immunity deprives the Court of subject matter jurisdiction).

**B. Failure to State a Claim/ Absolute Judicial Immunity**

"Absolute judicial immunity extends to all judicial acts which are not performed in the clear absence of all jurisdiction." Adams v. McIlhany, 764 F.2d 294, 297 (5th Cir.

---

[3] Even if the cases cited did apply, the Fifth Circuit has held that "when the United States has not actively intervened in the action, [as is the case here] the Eleventh Amendment bars qui tam plaintiffs from instituting suits against the sovereign states in federal court." United States v. Texas Tech Univ., 171 F.3d 279, 294 (5th Cir. 1999).

1985)(holding that issuing an order to show cause and then incarcerating a person for contempt was a judicial act entitled to immunity in a § 1983 case.) The Fifth Circuit relies on four factors to determine if an act is "judicial," and these factors are:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

Id. These factors "should always be considered in determining whether an act is "judicial"; however, the test factors should be broadly construed in favor of immunity." Id.

Here, it is clear that Judge Keller's act were "judicial." Plaintiff alleges that Judge Keller "failed to take into consideration the evidence which may disprove paternity" and "had petitioner incarcerated." (Rec. Doc. 1, p. 11, ¶ 34) The acts of weighing evidence and incarcerating individuals are clearly normal judicial functions that centered around Plaintiff's case before Judge Keller. Further, though it is not stated in the complaint, it can be assumed that these acts occurred in the courtroom during a visit to Judge Keller in her official capacity. Therefore, the complained-of actions are clearly judicial in nature, and Judge Keller is entitled to

absolute judicial immunity.

Plaintiff's only response to Judge Keller's immunity argument is that Judge Keller cannot invoke judicial immunity in this matter because the United States is a real party plaintiff to the suit. As was noted above, the argument fails. Therefore, the Court finds that absolute judicial immunity shields Judge Keller is from individual liability under § 1983.[4]

Accordingly,

**IT IS ORDERED** that Plaintiff's 42 U.S.C. § 1983 claim against Defendant Judge Ann Keller in her official capacity is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's 42 U.S.C. § 1983 claim against Defendant Judge Ann Keller in her individual capacity is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 3rd day of April, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[4] As the Court has dismissed all § 1983 claims against Judge Keller, Judge Keller's remaining argument concerning <u>Heck v. Humphrey</u> need not be considered.